COURT OF APPEALS
DECISION
DATED AND FILED

**January 28, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.   2018AP1285**

**STATE OF WISCONSIN**

Cir. Ct. No.  2014CV352

**IN COURT OF APPEALS
DISTRICT III**

TERESA STORM,

   PLAINTIFF-APPELLANT,

TIANNA STORM AND REBEKAH STORM,

   PLAINTIFFS,

   V.

WISCONSIN MUTUAL INSURANCE COMPANY,

   DEFENDANT-RESPONDENT,

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
ALEXANDRA MACDONALD, EMC PROPERTY & CASUALTY COMPANY
AND DAKOTA FIRE INSURANCE COMPANY, TUCKER OLSON,

   DEFENDANTS.

APPEAL from a judgment of the circuit court for Polk County: JEFFERY L. ANDERSON, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Teresa Storm appeals a declaratory judgment dismissing Storm's claims against Wisconsin Mutual Insurance Company. The circuit court validated a reducing clause limiting the amount of available underinsured motorist (UIM) coverage. Storm argues the reducing clause was invalid because Wisconsin Mutual failed to make a proper disclosure of the policy renewal with altered terms, pursuant to the requirements of WIS. STAT. § 631.36(5) (2017-18).[1] We reject Storm's argument and affirm.

## BACKGROUND

¶2      On November 22, 2012, Storm was injured in a multi-car accident while she was a passenger in a vehicle driven by her husband. Storm initiated a lawsuit against the other drivers and their insurers. The Storms had a personal automobile insurance policy with Wisconsin Mutual providing, among other things, medical payments and UIM coverage. Wisconsin Mutual intervened based on its subrogation rights for medical payments.

¶3      The insurer for one of the other drivers paid Storm its policy limits of $50,000, under a notice pursuant to *Vogt v. Schroeder*, 129 Wis. 2d 3, 383 N.W.2d

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

876 (1986).[2]  Storm then amended the pleadings and sought Wisconsin Mutual's $100,000 UIM coverage.  Storm and Wisconsin Mutual could not agree on the amount of damages, so Storm's claim for UIM benefits was submitted to arbitration, and the panel determined Storm's damages totaled $153,377.41.  Wisconsin Mutual tendered payment to Storm of $50,000,[3] and it sought declaratory judgment requesting a determination that its reducing clause limited the amount of available UIM coverage to $50,000.

¶4      After a hearing, the circuit court issued an oral ruling concluding the reducing clause was valid and that UIM coverage was limited to $50,000.  The court therefore dismissed Storm's claims against Wisconsin Mutual with prejudice.  Storm now appeals, and additional relevant facts are noted below.

## DISCUSSION

¶5      Storm concedes that "[t]he only question on appeal is whether Wisconsin Mutual has $100,000 or whether it has $50,000 of UIM benefits available."  If the reducing clause is valid, Wisconsin Mutual owes no further payments to Storm.

___

[2] In *Vogt v. Schroeder*, 129 Wis. 2d 3, 383 N.W.2d 876 (1986), we adopted a procedure to allow a UIM insurer to intervene in the settlement process.  Namely, a UIM insurer is entitled to notice of a tentative settlement agreement and a period of time to assess the case.  This process allows the UIM insurer to decide whether to substitute its payment to the insured in an amount equal to the tentative settlement, thereby preserving its subrogation rights, or acquiescing in the settlement. *Id.* at 20-21.  In effect, this procedure gives to the plaintiff's underinsurer the option of rejecting the settlement offer to prevent the release of the tortfeasor and thus protect its right of subrogation, but it may not thwart the right of its own insured to receive some payment, either the amount of the insured's underinsurance claim or the amount offered in settlement. *Id.* at 21.  Here, the remaining defendant in the lawsuit and his insurer were dismissed with prejudice by stipulation.

[3] Wisconsin Mutual also paid Storm $10,000 under the policy's medical payment coverage.

¶6      Storm argues that Wisconsin Mutual failed to follow the requirements of WIS. STAT. § 631.36(5), which prescribes the procedures insurance companies must follow when renewing a policy with terms less favorable to an insured than were in the prior policy.  According to Storm, the reducing clause was invalidated by Wisconsin Mutual's failure to send a required notice under the statute at least sixty days prior to the renewal date, including a statement of the policyholder's right to cancel.

¶7      In 2011, the Wisconsin Legislature passed the Consumer Choice in Auto Insurance Act (Act 14).  Among other things, this legislation permitted insurance companies to eliminate stacking of uninsured (UM) coverage, and it also allowed insurance policies to include UIM reducing clauses.  The new legislation became effective on November 1, 2011.  *See* WIS. STAT. § 632.32.  The legislation provided that if the insurer offers, or purports to renew, the policy with terms less favorable to an insured, the new terms or premiums take effect on the renewal date if the insurer sent by first class mail to the policyholder notice of the new terms or premiums at least sixty days prior to the renewal date.  WIS. STAT. § 631.36(5).  The notice was also required to include a statement of the policyholder's right to cancel. ***Id.***

¶8      On September 19, 2011, Wisconsin Mutual mailed a policy notice to the Storms by first class mail.[4]  This correspondence advised Storm that the "Consumer Choice in Auto Insurance Act lowers the minimum required limits on auto insurance beginning November 1, 2011," and that when their Wisconsin

---

[4] There is no dispute that the notice was addressed to the Storms' correct address. Wisconsin Mutual also sent the policy notice to all of its personal and commercial automobile policyholders who had renewals on November 1, 2011, or later.  Because some policyholders would not get the sixty-day notice before their first renewal after the effective date of 2011 Wis. Act 14 on November 1, 2011, Wisconsin Mutual sent them an additional letter with their new policy.

Mutual policy renewed, there would be changes to coverage. Among other things, the notice stated: "The renewal policy eliminates stacking for uninsured (UM) and underinsured (UIM) coverages and expenses for medical services" and "permits reducing clauses for UM and UIM coverages." The notice further stated: "As your policy renews after November 1, 2011 you will receive an updated policy that incorporates this new language." The notice also advised, "You may elect to cancel the renewal policy at any time prior to its inception date."

¶9 On September 30, 2011, the Storms' Wisconsin Mutual policy renewed for another six-month term. This policy did not contain a UIM reducing clause. On February 10, 2012, Wisconsin Mutual mailed the Storms the six-month replacement policy that was to go into effect on March 31, 2012. Along with the policy, Wisconsin Mutual mailed the Storms a letter stating:

> Dear Policyholder:
>
> You recently received an Important Policy Notice about recent legislative changes enacted in 2011 Wisconsin Act 14 affecting your automobile policy by eliminating stacking for uninsured and underinsured coverages and expenses for medical services (when injured as a pedestrian), permitting reducing clauses for UM and UIM coverages, and lowering minimum required limits on auto insurance beginning November 1, 2011. That notice stated that you would be receiving the newly updated policy complying with Act 14 with your policy renewal. We are enclosing the new policy at this time.
>
> If you have any questions regarding the changes required in Act 14 and how they affect your policy, please contact your agent.

Consistent with Act 14, this renewal policy for the March 31 to September 30, 2012 period included a reducing clause on the $100,000 per person UIM limit.

5

¶10 Storm argues that Wisconsin Mutual's sixty-day notice was untimely, thereby rendering the notice moot. Specifically, Storm contends that the notice was sent on September 19, 2011, and the Storms' policy renewed on September 30, 2011. As the renewal policy issued to the Storms on September 30 did not contain a UIM reducing clause, Storm contends the September 19 notice was moot because "a notification sent pursuant to WIS. STAT. § 631.36 must be sent concurrent with the policy period to which it refers."

¶11 Storm's argument, however, is not supported by the plain and unambiguous language of the statute. Here, the statute provides that altered terms take effect on the renewal date if the policyholder notice is delivered "at least 60 days prior to the renewal date." WIS. STAT. § 631.36(5). Wisconsin Mutual mailed the sixty-day notice via first class mail on September 19, 2011—well over sixty days prior to the March 31, 2012 renewal containing the reducing clause, which was the first renewal after the law changed on November 1, 2011. As the circuit court properly found, the September 19, 2011 notice was sent "at least 60 days in advance and this was clear enough to put you on notice at the very least that it would be the renewal term for March of 2012, your next renewal after November 1, 2011."

¶12 The record on appeal fails to support any suggestion that Storm was confused by the sixty-day notice. The record also does not show that she thought the altered terms went into effect with the September 30, 2011 renewal, or that she thought they only had nine days from the September 19 notice to cancel the policy. Indeed, such argument would ignore the plain language in the sixty-day notice stating, "As your policy renews after November 1, 2011, you will receive an updated policy that incorporates this new language."

¶13    As the circuit court noted:

> [I]n this notice it states, "As your policy renews after November 1, 2011", which would put a party on notice you were not talking about a renewal notice [in] September 2011. It would put you on notice of a renewal occurring after that date, if you read this in the literal language of the letter.
>
> Finding that … what would the next renewal period be? It would be [in] March of 2012, and that would go to the deposition of Ms. Storm who understood that her renewals were on a six-month basis.

¶14    Moreover, even if we could somehow assume Wisconsin Mutual failed to comply with the notice provisions under WIS. STAT. § 631.36(5), the reducing clause would still be valid. As the circuit court correctly noted, § 631.36(5) provides, "If the insurer does not notify the policyholder of the new premiums or terms as required by this subsection prior to the renewal date, the insurer shall continue the policy for an additional period of time equivalent to the expiring term and at the same premiums and terms of the expiring policy." Thus, even if there was a violation of the statutory notice provision, the statute would require the old terms to remain in effect for another six-month policy period—from March 31 to September 30, 2012. On the six-month policy renewal date of September 30, 2012, the new terms—including the reducing clause—would then go into effect. The November 22, 2012 accident in this case occurred after that date.

¶15    Storm also argues that the reducing clause was invalid because the February 10, 2012 correspondence accompanying the new March 31, 2012 policy did not contain the right to cancel language. However, the September 19, 2011 notice had already advised the Storms of their right to cancel the policy. Storm further criticizes the February 10 letter's use of the phrase, "You 'recently' received an Important Policy Notice." Storm suggests the September 19, 2011 notice was

not "recent." The meaning of "recent," however, has no relevance to the issue of whether Wisconsin Mutual complied with the statutory sixty-day notice requirement. As mentioned, the September 19, 2011 notice complied with the notice mandated by the statute because it was sent more than sixty days before the policy renewal of March 31, 2012, which contained the reducing clause.

¶16 Accordingly, the circuit court correctly determined that proper notice was given in this case pursuant to WIS. STAT. § 631.36(5). As the court found, this notice informed Storm "at the very least that it would be the renewal term for March of 2012, your next renewal after November 1, 2011." The Storms' policy for the period March 31, 2012, to September 30, 2012, contained a valid reducing clause. The accident of November 22, 2012, was subject to the reducing clause. The court correctly reduced Wisconsin Mutual's $100,000 UIM limit by the $50,000 paid by the other driver. Finally, because Wisconsin Mutual had already tendered the amount of $50,000 to Storm, the court properly dismissed Storm's claims against Wisconsin Mutual.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.